George J. **NOVAK**, Appellant,

v.

**DISTRICT OF COLUMBIA,** Appellee.

Nos. 83–1359, 83–1360.

District of Columbia Court of Appeals.

Submitted Sept. 5, 1984.

Decided Jan. 9, 1985.

George J. Novak, pro se.

Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Charlotte Brookins-Pruitt, Asst. Corp. Counsel, Washington, D.C., for appellee.

Before NEWMAN and BELSON, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

This is an appeal from convictions after a bench trial of violating three different provisions of the housing code, *viz:* failing to provide sufficient heat in a bathroom located on the second floor of the premises in

violation of § 2407 of the District of Columbia Housing Regulations [recodified, as amended, at D.C.Mun.Regs. tit. 14, § 501.4 (1984)]; failing to provide adequate smoke detectors in violation of § 3210.4 [recodified as D.C.Mun.Regs. tit. 14, § 904.4 (1984)]; failing to keep unobstructed certain egress facilities in violation of § 3208.1 [recodified at D.C.Mun.Regs. tit. 14, § 902.1 (1984)].

Appellant, who insisted against the advice of the trial court upon representing himself in these proceedings, has submitted a brief assailing his convictions and sentence (the two criminal complaints filed against him were consolidated for trial and appeal) on numerous grounds. As two of these contentions appear to have merit, we reverse the convictions and set aside the sentences.

The appellant in this case is the owner and occupant of a dwelling house in an area of the city popularly called Foggy Bottom. He has occasionally rented some of its rooms to lodgers. The first formal criminal complaint against him stemmed from a visit to his house by a District housing inspector on November 23, 1981. The inspector, noting that requisite smoke detectors were not properly connected and that common hallways were partially blocked by a refrigerator and other furniture, served appellant with a notice. A return visit, about a week later, caused the inspector to conclude that these breaches of the regulations had not been fully corrected. Eventually he prepared and served a summons upon appellant, charging him with violating Sections 3210.4 and 3208.1.

■ Each of the foregoing sections is included in Chapter 3 of the Housing Regulations, which chapter applies only to "housing businesses licensed under the authority contained in paragraph 28 of Section 7 of the Act approved July 1, 1902, as amended." This statute, D.C.Code § 47–2828 (1981), provides that the licensing requirement does not apply to "a rooming house offering accommodations for no more than 4 roomers." At the trial, appel-lant moved to dismiss the complaint, relying upon this proviso to show that he was under no obligation to comply with any of the regulations set out in Chapter 3.

Appellant's house is a three story structure. The record establishes that three rooms and a bathroom were located on the second floor, with three rooms and a smaller bathroom on the third. It does not disclose whether all six rooms were bedrooms or were even furnished. Appellant testified that two of these rooms being stored with building materials were uninhabitable. According to the testimony of the inspector, he encountered four persons in the house on his first visit, two of them in a second floor room, and two in a third floor room. On cross-examination he admitted that he had not ascertained which, if any, of these persons were roomers or were on the premises with the consent of the owner. Appellant testified without contradiction that the occupant of a second floor bedroom, described as an Iranian student, did contribute to the utilities, but asserted that only two other persons were living in the house at the time of the inspection, and that both were invited guests of the Iranian lodger. No evidence of any payments of rent to appellant was produced.

But even if we accepted the inspector's assumption that the four persons he had met were roomers, this would not bring appellant's house within the scope of Chapter 3 of the regulations. This being the state of the record, it appears that the trial court erred in denying the motion to dismiss these charges.

In attempting to support this ruling, the government's appeal brief cites one sentence in appellant's own testimony as justifying an inference that the house offered "accommodations for ... more than four roomers." This portion of the transcript reads:

I deny, your Honor, that I'm considered to be a landlord under the Housing Code. And Chapter 3 says very clearly that it does not apply to me because it says very

clearly that it applies only to, as I showed in my motion, to accommodations that are rented to more than four people, and there was no evidence that anything was rented to more than four people, *it* was available for rent, therefore, it does not apply. (Emphasis supplied.)

In his reply brief, appellant asserts that he was misquoted in the foregoing excerpt from his testimony, as the word "it"—*supra*—was inadvertently substituted for the word "or." It is indeed apparent from the rest of his testimony—he said he had been trying to rid himself of all roomers at the time of the inspection and ultimately succeeded in doing so—that what appellant meant to say was "or." Whether this wording of the transcript was due to a slip of the tongue or to reporter's error, the government's reliance upon it to demonstrate that appellant conceded that he was offering accommodations to more than four roomers is far fetched. In short, a holding that appellant's operations were subject to Chapter 3 of the regulations is without evidentiary support.

 Appellant's conviction of the charges in the second complaint, failure to maintain sufficient heat in the second floor bathroom—a violation of Section 2407—was based on testimony by the same housing inspector. He told the court that on a later visit to the house, January 11, 1982, he discovered that the radiator in that bathroom brought its temperature up only to 52 degrees, a reading substantially below the regulatory standard of 68 degrees daytime, or 65 degrees at night. He served a notice on appellant on February 26, but upon a reinspection conducted on March 2, found the room temperature was 62 degrees.

Appellant testified that there was available to the occupant of the second floor bedroom a portable heater which he used to supplement the heat of the bathroom. The government offered no contradictory evidence, but in its brief contends that the portable heater to which appellant referred did not meet the standards of Section 1201 of the District of Columbia Housing Regulations.

Section 2407 of these regulations provides that "[w]henever the heating facilities of any habitation or bathroom are not under control of an occupant thereof, it shall be the responsibility of the owner or licensee to supply sufficient heat...." [1] The term "heating facilities" is defined in Section 1201 as (1) a central heating facility, (2) a non-portable, flue-connected heating facility or (3) an electric heating facility. [2]

As the third category in this definition plainly encompasses portable electric heating appliances—and there is nothing in the record to indicate that the heater under the lodger's control was not operated by electricity—we are unable to understand the government's contention that "because the portable heater referred to by appellant does not meet the Housing Regulation's definition ... it is inadequate to meet Section 2407's requirement for a heating facility in the second floor bathroom." Accordingly, the record lacks sufficient evidence to support the conviction of a violation of Section 2407. [3]

*Reversed.*

---

1. Section 2102 of the Housing Regulations [recodified at D.C.Mun.Regs. tit. 14, § 100.1 (1984)] defines the scope of Chapter 2. Because Chapter 2 applies to residential housing premises generally, the government in trying the Section 2407 charge was not required to prove that appellant offered accommodations to more than four roomers.

2. Recodified, as amended, at D.C.Mun.Regs. tit. 14, § 501.1 (1984).

3. Appellant testified that the second floor bathroom contained an operating radiator which, by itself, did not provide sufficient heat on cold and windy days. But this revelation does not aid the government in light of the evidence concerning the portable heater.